IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC.<br>501 School Street, S.W., Suite 500<br>Washington, DC 20024,<br><br>       Plaintiff,<br><br>v.<br><br>U. S. DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue, N.W.<br>Washington, DC 20530-0001,<br><br>       Defendant. | Civil Action No. |

**COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF**

Plaintiff Judicial Watch, Inc. brings this action against Defendant United States Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Judicial Watch, Inc. alleges as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

**PARTIES**

3. Plaintiff Judicial Watch, Inc. is a non-profit, educational organization incorporated under the laws of the District of Columbia and having its principal place of business at 501 School Street, S.W., Suite 500, Washington, DC 20024.

4. Defendant United States Department of Justice is an agency of the United States Government. Defendant has its principal place of business at 950 Pennsylvania Avenue, N.W., Washington, DC 20530-0001. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On January 6, 2006, Plaintiff sent a FOIA request to Defendant, by facsimile and by certified U.S. mail, return receipt requested, seeking access to the following records:

   a. Any and all legal opinion(s) and/or memorandum(a) regarding the authorization by President George W. Bush for the National Security Agency (hereinafter "NSA") to monitor domestic communications without court-approved warrants, referenced in the attached *New York Times* story.

   b. A presidential order signed in 2002 allowing and/or instructing the NSA to monitor domestic communications without court-approved warrants, referenced in the attached *New York Times* story.

Both requests referenced a report by journalists James Risen and Eric Lichtblau entitled "Bush Secretly Lifted Some Limits on Spying in the U.S. After 9/11, Officials Say." The report appeared in the December 15, 2005 edition of *The New York Times*.

6. The request was sent to six (6) separate component offices of Defendant, including the Office of Information Privacy, the Office of Intelligence Policy and Review, the Criminal Division, and the Office of Legal Counsel.

7. Plaintiff's January 6, 2006 FOIA request sought expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E) and 28 C.F.R. § 16.5(d), as well as a waiver of both search and duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II), 5 U.S.C. § 552(a)(4)(A)(iii), and 5 C.F.R. § 16.11(k)(2)(i) - (iv).

8. In a letter dated January 11, 2006, the Office of Intelligence Policy and Review acknowledged receipt of Plaintiff's FOIA request and granted Plaintiff's request for expedited processing.

9. In a letter dated January 12, 2006, the Office of Information and Privacy acknowledged receipt of Plaintiff's FOIA request and granted Plaintiff's request for expedited processing.

10. In a letter dated January 19, 2006, the Criminal Division acknowledged receipt of Plaintiff's FOIA request and granted Plaintiff's request for expedited processing.

11. The Office of Legal Counsel has failed to acknowledge receipt of Plaintiff's FOIA request or respond to Plaintiff's request for expedited processing.

12. In light of Defendant's decision to grant expedited processing to Plaintiff's FOIA request, Defendant was required to process the request "as soon as practicable" pursuant to 5 U.S.C. § 552(a)(6)(E)(iii).

13. Even without taking into account Plaintiff's request for expedited processing, Defendant's response to Plaintiff's FOIA request was due on or before February 6, 2006 pursuant to 5 U.S.C. § 552(a)(6)(A)(i). On or before that date, Defendant was required to determine whether to comply with the request and immediately notify Plaintiff of its determination, the reasons therefor, and the right to appeal any adverse determination.

14. Defendant failed to produce records responsive to Plaintiff's January 6, 2006 FOIA request on or before February 6, 2006 or claim that such records are exempt from production under 5 U.S.C. § 552(b). It also failed to notify Plaintiff of any determination whether to comply with the request, the reasons therefor, or the right to appeal any adverse

determination. Defendant also failed to invoke the provisions set forth in 5 U.S.C. § 552(a)(6)(B) for extending the time limit to respond to the request.

15. As of February 28, 2006, Plaintiff has received no substantive response to its January 6, 2006 FOIA request. Nor has it received any determination whether Defendant will comply with the request, the reasons therefor, or the right to appeal any adverse determination.

16. Because Defendant failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A) or extend that time limit pursuant to 5 U.S.C. § 552(a)(6)(B), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its January 20, 2006 FOIA request, pursuant to 5 U.S.C. § 552(a)(6)(c).

## COUNT 1
(Violation of FOIA)

17. Plaintiff realleges paragraphs 1 through 16 as if fully stated herein.

18. Defendant's failure to make available the records sought by Plaintiff in Plaintiff's January 6, 2006 FOIA request violates FOIA and the corresponding agency regulations.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) declare Defendant's failure to comply with FOIA to be unlawful; (2) order Defendant to process the requested records and produce all responsive records not subject to claims of exemption and a *Vaughn* index of allegedly exempt records to Plaintiff as soon as practicable; (3) enjoin Defendant from charging Plaintiff any fees for searching for, duplicating, or otherwise processing the request; (4) award Plaintiff attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant such other relief as the Court deems just and proper.

Respectfully submitted,

JUDICIAL WATCH, INC.

/s/ Paul J. Orfanedes
Paul J. Orfanedes
D.C. Bar No. 429716
Suite 500
501 School Street, S.W.
Washington, DC 20024
(202) 646-5172

*Counsel for Plaintiff*