## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 06-00406 (HHK) |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### DECLARATION OF JAMES A. BAKER

I, James A. Baker, do hereby state and declare as follows:

1.    I am the Counsel for Intelligence Policy, Office of Intelligence Policy and Review ("OIPR"), National Security Division of the United States Department of Justice ("DOJ" or Department"). In this capacity, I supervise all operations within the office including Freedom of Information Act (FOIA), 5 U.S.C. § 552 administration. I am the final decision-making authority in my office regarding access requests made under the FOIA.

2.    I make the statements herein on the basis of personal knowledge, as well as on information acquired by me in the course of performing my official duties and on the advice of counsel.

3.    OIPR provides legal advice to the Attorney General and the United States intelligence agencies regarding questions of law and procedure that relate to United States intelligence activities. OIPR performs review functions of certain intelligence activities, and prepares and presents applications for electronic surveillance, physical search authorizing the installation and use of pen registers and trap and trace devices, and access to certain tangible

things, to the United States Foreign Intelligence Surveillance Court ("FISC").

4.    As the Department of Justice's Counsel for Intelligence Policy, I hold original classification authority at the TOP SECRET level by delegation from the Attorney General, and therefore am authorized to make determinations regarding classification of national security information and to conduct classification reviews.

## JUDICIAL WATCH'S FOIA REQUEST

5.    By letter dated January 6, 2006, Judicial Watch ("JW") requested access under FOIA to all agency records concerning "all legal opinion(s) and/or memorandum(a) regarding the authorization by President Bush for the National Security Agency (NSA) to monitor domestic communications without court-approved warrants . . . and a presidential order signed in 2002 allowing and/or instructing the NSA to monitor domestic communications without court-approved warrants . . ."  OIPR received JW's request on January 10, 2006 and acknowledged receipt by letter dated January 11, 2006.  Ex. A.

## OIPR'S SEARCH AND RESPONSE

6.    Upon receiving Judicial Watch's FOIA request, OIPR initiated a search for potentially responsive documents.  OIPR maintains three general categories of records: operations records relating to proceedings before the FISC under the Foreign Intelligence Surveillance Act ("FISA"), including applications for authority to conduct electronic surveillance, physical searches, other authorities under FISA as referenced above, and other operational matters; litigation records; and policy records including congressional inquiries and reports.  In response to JW's request, a search was conducted of OIPR's policy records as well as the electronic communications and offices of those persons within OIPR (a limited number) who have been cleared for access to information concerning the Terrorist Surveillance Program

("TSP").  The TSP is a controlled access signals intelligence program authorized by the President

in the aftermath of the terrorist attacks of September 11, 2001.

      7.      On August 7, 2006, OIPR provided a response to JW's FOIA request.

Ex. B.  In that response, OIPR advised that it had located six classified documents that may be

responsive to the request.  OIPR also advised that all of the documents originated with the Office

of Legal Counsel, DOJ and had been referred to that office for review and direct response to

plaintiff.

      8.      In the course of processing JW's FOIA request, the DOJ's Civil Division referred

a one-page unclassified electronic mail (e-mail) to OIPR for review and direct response to

plaintiff.  This one-page e-mail was created as part of a process during which attorneys drafted

documents setting forth the legal basis for the TSP, including the Department's January 19, 2006,

public paper, entitled "Legal Authorities Supporting the Activities of the National Security

Agency Described by the President" (hereinafter, "White Paper").  On September 14, 2006,

OIPR provided a response to JW regarding the referred document.  Ex. C.  In that response OIPR

advised that its equities within the document were exempt from disclosure pursuant to the

deliberative process privilege embodied in Exemption 5 of the FOIA, 5 U.S.C. § 552(b)(5).

## DELIBERATIVE PROCESS PRIVILEGE

      9.      The deliberative process privilege is intended to protect the decision-making

processes of the government agencies from public scrutiny in order to enhance the quality of

agency decisions.  Part of the deliberative process involves the creation of draft documents which

are then reviewed, edited, and modified before they become final.  By their very nature as drafts,

these documents are preliminary versions of what may later become a final document.  The very

process by which a draft evolves in a final document in an inherent part of the deliberative

process.

10.     In addition to the draft documents themselves, electronic mail messages pertaining to the preparation of the draft documents are protected by this privilege. The e-mail message withheld here contains commentaries on and discussions of the draft White Paper, including suggestions and opinions regarding its content. It is part of the exchange of ideas and suggestions that accompany all decision-making and reflects preliminary assessments by attorneys and other staff about issues in which they have been asked to make recommendations and give advice. Release of any of this material would chill the free flow of opinions within the Executive Branch.

11.     Disclosure of this record would prevent staff who prepare drafts and participate in the deliberative process from freely expressing their recommendations and giving advice about the legal basis of the Administration's program. A staff member who is aware that his or her proposed recommendation may be released to the public may not be as forthcoming as he or she would otherwise be. That staff member may be more concerned with the public perception of the document he or she is drafting or the opinion he or she is presenting than with providing the necessary information to the Attorney General and Deputy Attorney General and ultimately the President. This inhibition would be extremely detrimental to the Attorney General and Deputy Attorney General, who rely on such advisors for their complete, candid opinions. By affording confidentiality to agency deliberations such as these, decision-makers, including the Attorney General and Deputy Attorney General, can operate most effectively.

12.     Department employees will be much more circumspect in their deliberations with each other if they think their preliminary thoughts and analyses are going to be disclosed. This lack of candor will seriously impair the Department's ability to foster the forthright, internal

discussions necessary for efficient and proper decision-making and make it much more difficult for Department staff to provide senior officials with the advice that they need to make important decisions.

## ATTORNEY WORK-PRODUCT PRIVILEGE

13.     In addition to the being protected by the deliberative process privilege, the unclassified record withheld by OIPR is also protected by the attorney work-product privilege. As described in the declaration of Steven G. Bradbury, Office of Legal Counsel, the White Paper was created in anticipation of litigation, and litigation concerning the TSP was a major factor in the decision to create it.  Disclosure of this email, which contains internal suggestions regarding the drafting of the White Paper, would reveal attorneys' interpretation of the law and analyses of the legal strategy that would be available to the government in the likely event that it would face such litigation.  Such disclosure would severely hamper the adversary process as attorneys working in anticipation of litigation would no longer feel free to discuss inevitable litigation in this fashion or to write down important thoughts on potential litigation strategies for fear that the information might be publicly disclosed.

14.     Because the document was prepared by an attorney in anticipation of litigation, it is protected in its entirety by the attorney work-product privilege.  Since it is exempt in full, it contains no reasonably segregable, nonexempt information.

I declare under penalty of perjury that the foregoing is true and correct.

JAMES A. BAKER
Counsel for Intelligence Policy
Office of Intelligence Policy & Review
National Security Division

Executed on this _19th_ day of January, 2007.

# EXHIBIT A





**COPY**

U.S. Department of Justice

Office of Intelligence Policy and Review

_Washington, D.C. 20530_

JAN 1 1 2006

Christopher J. Farrell
Judicial Watch
501 School Street, SW, Suite 500
Washington, D.C. 20024

Re: FOIA/PA # 06-12

Dear Mr. Farrell:

This is to acknowledge receipt of your letter dated January 6, 2006, requesting access to "all legal opinion(s) and/or memorandum(a) regarding the authorization by President Bush for the National Security Agency (NSA) to monitor domestic communications without court-approved warrants . . . and a presidential order signed in 2002 allowing and/or instructing the NSA to monitor domestic communications without court-approved warrants . . . " You also requested expedited processing of your Freedom of Information Act request and a waiver of processing fees. Both requests have been granted. Accordingly, your request will be reviewed ahead of others routinely processed on a first-in, first-out basis without any cost to you.

If you have any questions concerning your request, feel free to contact me on (202) 616-5460.

Sincerely,

GayLa D. Sessoms
FOIA Coordinator

# EXHIBIT B



U.S. Department of Justice

Office of Intelligence Policy and Review

---

*Washington, D.C. 20530*

Christopher J. Farrell
Judicial Watch
501 School Street SW, Suite 500
Washington, D.C. 20024

AUG -7 2006

Re: FOIA/PA # 06-12

Dear Mr. Farrell:

    This responds to your January 6, 2006 Freedom of Information Act (FOIA) request seeking access to "all legal opinion(s) and/or memorandum(a) regarding the authorization by President Bush for the National Security Agency (NSA) to monitor domestic communications without court-approved warrants . . . and a presidential order signed in 2002 allowing and/or instructing the NSA to monitor domestic communications without court-approved warrants . . ." You also requested expedited processing of your FOIA request and a waiver of processing fees. Both requests were granted and your request has been reviewed ahead of others routinely processed on a first-in, first-out basis without any cost to you.

    The Office of Intelligence Policy and Review provides advice to the Attorney General and United States intelligence agencies regarding questions of law and policy that relate to U.S. intelligence activities; performs review functions of certain intelligence activities; and prepares and presents applications for electronic surveillance and physical search to the United States Foreign Intelligence Surveillance Court pursuant to the Foreign Intelligence Surveillance Act.

    We have conducted a search of our policy files as well as the electronic communications (e-mail) and office files of senior management and located six documents that may be responsive to your request. All of these documents originated with the Office of Legal Counsel, Department of Justice and have been referred to that office for review and direct response to you.

    If you are not satisfied with this response you may administratively appeal by writing to the Director, Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, NW, Suite 11050, Washington, D.C. 20530-0001, within sixty days from the date of this letter. Both the letter and envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

James A. Baker

James A. Baker
Counsel for Intelligence Policy

# EXHIBIT C





U.S. Department of Justice

Office of Intelligence Policy and Review

---

*Washington, D.C. 20530*

SEP 14 2006

Christopher J. Farrell
Judicial Watch
501 School Street SW, Suite 500
Washington DC 20024

Re: FOIA/PA # 06-12

Dear Mr. Farrell:

This is in further response to your January 6, 2006 Freedom of Information Act
(FOIA) request seeking access to "all legal opinions(s) and/or memorandum(a) regarding the
authorization by President Bush for the National Security Agency (NSA) to monitor
domestic communications without court-approved warrants . . . and a presidential order
signed in 2002 allowing and/or instructing the NSA to monitor domestic communications
without court-approved warrants . . ."

In connection with its review of responsive records, the Department's Civil Division
referred one document to the Office of Intelligence Policy & Review (OIPR) for review and
direct response to you (as referenced in its 4/13/06 correspondence to you). We have
determined that the OIPR equities within this document are exempt from disclosure pursuant
to the deliberative process privilege embodied in Exemption 5 of the FOIA, 5 U.S.C. § 552
(b)(5).

If you are not satisfied with this response you may administratively appeal by writing
to the Director, Office of Information and Privacy, United States Department of Justice,
1425 New York Avenue, NW, Suite 11050, Washington, D.C. 20530-0001, within sixty
days from the date of this letter. Both the letter and envelope should be clearly marked
"Freedom of Information Act Appeal."

Sincerely,

James A. Baker
Counsel for Intelligence Policy