IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 06-00406 (HHK) |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE ISSUE**

As required by Local Rule 7.1(h), and in support of the Motion for Summary Judgment filed on behalf the Department of Justice ("DOJ" or "Department"), the Department hereby makes the following statement of material facts as to which there is no genuine issue.

**The Terrorist Surveillance Program**

1.  Following the devastating attacks of September 11, 2001, the President of the United States authorized the National Security Agency ("NSA") to intercept international communications into and out of the United States of persons linked to al Qaeda or related terrorist organizations (hereinafter, the "Terrorist Surveillance Program" or "TSP"). See Declaration of Steven G. Bradbury, Acting Assistant Attorney General, Office of Legal Counsel ("OLC") ("Bradbury Decl."), attached as Ex. A to the Defendant's Memorandum of Points and Authorities in Support of Motion for Summary Judgment ("Deft's Mem."), ¶¶ 2, 8.

2.  In order to intercept a communication under the TSP, there must be a reasonable basis to conclude that one party to the communication is located outside the United States and that one party to the communication is a member of al Qaeda, affiliated with al Qaeda, or a member of an organization affiliated with al Qaeda. Bradbury Decl. ¶ 8.

3. The President publicly acknowledged the existence of the TSP on December 17, 2005, following the unauthorized disclosure of the highly classified program by The New York Times. Bradbury Decl. ¶ 8.

4. Thereafter, Department attorneys created a number of documents analyzing, explaining, and defending the TSP's legality. Bradbury Decl. ¶ 11.

5. In particular, Department attorneys attempted to identify and articulate the best legal arguments supporting the TSP. Bradbury Decl. ¶ 11

### Plaintiff's FOIA Requests and DOJ's Responses

6. On January 6, 2006, plaintiff, Judicial Watch, Inc., made a FOIA request to the Department. Plaintiff's request was directed at eight components of DOJ, the Office of Attorney General ("OAG"), the Office of Deputy Attorney General ("ODAG"), the Office of Associate Attorney General ("OAAG"), the Office of Legal Policy ("OLP"), the Office of Intelligence and Policy Review ("OIPR"), the Civil Division, the Criminal Division, and the Office of Legal Counsel ("OLC").[1] See Bradbury Decl. Ex. A.

7. Plaintiff's request sought "any and all records concerning, relating to, or reflecting":

> (1) Any and all legal opinion(s) and/or memorandum(a) regarding the authorization by President George W. Bush for the National Security Agency (hereafter "NSA") to monitor domestic communications without court-approved warrants, referenced in the [December 16, 2005] New York Times story; and
>
> (2) A presidential order signed in 2002 allowing and/or instructing the NSA to monitor domestic communications without court-approved warrants, referenced in the [December 16, 2005] New York Times story.

Bradbury Decl. Ex. A.

---

[1] As a result of negotiations among the parties in an effort to narrow the issues required to be decided by this Court, only the responses of OLC, OIPR and the Civil Division as to the withholding of certain unclassified documents identified remain at issue, and thus, only the facts relevant to these components and documents are included herein.

8. ***OLC's Response.*** OLC made its initial response to plaintiff on July 13, 2006, indicating that a search of OLC's unclassified files had been completed and that documents responsive to plaintiff's request had been identified. Bradbury Decl. ¶ 3 & Ex. B.

9. At that time, OLC released five documents, totaling 63 pages, and indicated that additional documents were being withheld pursuant to various privileges recognized under FOIA's Exemption Five, including the deliberative process privilege, the attorney work-product doctrine, and the presidential communications privilege. Bradbury Decl. ¶ 3 & Ex. B.

10. On August 7, 2006, OLC informed plaintiff that it was withholding two additional unclassified documents pursuant to FOIA Exemption Five. See Bradbury Decl. ¶ 4 & Ex. C. OLC explained that the two documents were referred from the Department's Civil Division, which had located them in its files while separately processing plaintiff's request. Id.

11. In total, OLC withheld from plaintiff 292 unclassified records or categories of records totaling approximately 4,760 pages. Bradbury Decl. ¶ 4 & Ex. E.

12. ***The Civil Division's Response.*** The Civil Division initially responded to plaintiff's request on January 31, 2006, and advised plaintiff that a search for records had not identified any responsive documents. Declaration of James M. Kovakas ("Kovakas Decl."), attached to Deft's Mem. as Ex. B, ¶ 4 & Ex. C.

13. Plaintiff filed a notice of administrative appeal on March 30, 2006. Kovakas Decl. ¶ 5 & Ex. D.

14. Thereafter, the Civil Division undertook a second search for records responsive to plaintiff's January 6, 2006, request, and as a result, identified several responsive records. Kovakas Decl. ¶ 6.

15. On April 13, 2006, the Civil Division supplemented its response to plaintiff,

identifying documents authored by or originating in other components of the Department, specifically, the Office of Public Affairs, OAG, OLC, and OIPR. Kovakas Decl. ¶ 6 & Ex. E. These documents were referred to those components for direct response. Id.

16.     One internal Civil Division email was also identified, which was withheld pursuant to Exemption Five of FOIA. Kovakas Decl. ¶ 6 & Ex. E.

17.     *OIPR's Response.*  OIPR responded to plaintiff with respect to the one unclassified document referred by the Civil Division on September 14, 2006. Declaration of James A. Baker ("Baker Decl."), attached to Deft's Mem. as Ex. C, ¶ 8 & Ex. C.

18.     OIPR advised that the document was exempt from disclosure pursuant to Exemption Five of FOIA. Baker Decl. ¶ 8 & Ex. C.

                Respectfully submitted,

                PETER D. KEISLER
                Assistant Attorney General, Civil Division

                JEFFREY A. TAYLOR
                United States Attorney

                JOSEPH H. HUNT
                Director, Federal Programs Branch

                ELIZABETH J. SHAPIRO
                Assistant Director, Federal Programs Branch

                _____/s/ Rupa Bhattacharyya_____
                RUPA BHATTACHARYYA (VA# 38877)
                Senior Trial Counsel
                Federal Programs Branch, Civil Division
                United States Department of Justice
                P.O. Box 883, 20 Massachusetts Ave., N.W.
                Washington, D.C.  20044
                Tel: (202) 514-3146
                Fax: (202) 318-7593

Dated:   January 26, 2007              Email: rupa.bhattacharyya@usdoj.gov