IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>U.S. DEPARTMENT OF JUSTICE, )<br>)<br>Defendant. )<br>_____) | Civil Action No. 06-00406 (HHK) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE SURREPLY**

More than a month after briefing in this case was completed by the April 27, 2007, filing of defendant's reply in support of its pending motion for summary judgment, plaintiff seeks leave to file a surreply. Docket No. 15. Plaintiff asserts that such a brief – which is not contemplated by the Local Rules – is necessary because "Defendant makes several assertions that, in Plaintiff's view, mischaracterize and/or misconstrue the arguments raised by Plaintiff in its opposition." Mot. for Leave to File at 1. Plaintiff's motion for leave to file a surreply should be denied for several reasons.

First, plaintiff fails to meet the applicable standard, which is cited nowhere in plaintiff's motion. In this district, "[a] surreply may be filed only by leave of Court, and only to address new matters raised in a reply, to which a party would otherwise be unable to respond." U.S. ex. rel. Pogue v. Diabetes Treatment Centers of America, Inc., 238 F. Supp. 2d 270, 276 (D.D.C. 2002) (Lamberth, J.); accord Robinson v. The Detroit News, Inc., 211 F.Supp.2d. 101, 112 (D.D.C. 2002) (Urbina, J.) ("The standard for granting leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply" (citations omitted). The matter to be addressed in the surreply must be truly new, and this Court has denied surreplies where, like plaintiff's here, the proposed surreply attempts, not to

address a new matter, but rather to correct an alleged mischaracterization. See Lewis v. Rumsfeld, 154 F. Supp.2d 56, 61 (D.D.C.2001) (Urbina, J.) ("The plaintiff contends that the defendants have mischaracterized her position. . . . Because this contention does not involve a new matter but rather an alleged mischaracterization, the court denies the plaintiff's motion"). Under this standard, plaintiff's proposed surreply is improper, and should be denied.

Second, plaintiff seeks to clarify that it intended to challenge "nearly all of Defendant's claims of exemption," and not only defendant's claims with respect to the 28 documents plaintiff specifically discussed in its opposition; plaintiff now asserts that the 28 are merely "examples." Proposed Surreply at 2. Yet, plaintiff's opposition brief does not label the 28 identified documents as "examples," and, in some cases, compares the specificity of descriptions of those documents against other documents withheld by the same Department of Justice component in the same category, where, plaintiff alleges, more adequate detail is provided. See, e.g., Pl's Opp. at 8 (comparing Document Nos. 23, 229, and 230 with other documents also described as internal communications regarding proposed responses to congressional or press inquiries where "Defendant at least identifies the news organization or Congressman to which internal communications are meant to respond"). A plaintiff responding to claims of exemption in a FOIA case "must establish that the Vaughn index is insufficient to permit the court to ascertain whether the FOIA exemptions have been properly claimed," Twist v. Ashcroft, 329 F. Supp. 2d 50, 51 (D.D.C. 2004) (Urbina, J.) (emphasis added), aff'd 171 Fed. Appx. 855 (D.C. Cir. 2005), and must do so by offering "more than conclusory statements." Perry-Torres v. U.S. Dept. of State, 404 F. Supp. 2d 140, 142 (D.D.C. 2005) (Leon, J.). As to any document other than the 28 to which defendant's reply brief specifically responded, plaintiff has failed to meet this burden, and thus, as to any such document, see Deft's Reply at 3-4, defendant's motion for summary judgment should be considered unopposed.

Third, plaintiff offers additional argument concerning the alleged insufficiencies in the declaration provided in support of defendant's motion by the Acting Assistant Attorney General for the Office of Legal Counsel, Steven G. Bradbury.[1]  Pl's Proposed Surreply at 2-4.  None of these arguments are new.  They could have been presented in plaintiff's opposition brief, they have been addressed at length in defendant's reply brief, see Deft's Opp. at 7-22, and they offer no basis upon which to extend the briefing in this case.

Fourth, plaintiffs reiterate that this Court is not bound by Judge Bates's decision in Lardner v. U.S. Dept. of Justice, 2005 WL 758267 (D.D.C. 2005), that the President need not personally invoke the presidential communications privilege in order for it to be successfully asserted as the basis of an Exemption Five claim in a FOIA case.  Pl's Proposed Surreply at 4-5.  It is, of course, true that this Court is not bound by the opinion of another judge in this district, but plaintiff again attempts to rely on isolated language in other decisions while failing to credit the D.C. Circuit's explicit statement that the question presented in Lardner, and in this case, remains an open one in this Circuit.  See Judicial Watch, Inc. v. Dept. of Justice, 365 F.3d 1108, 1114 (D.C. Cir. 2004).  Moreover, plaintiff again offers absolutely no reason why Judge Bates's opinion in Lardner on that open question is incorrect or inconsistent with prevailing law.  In fact, it is neither, see Deft's Reply at 18-21, and this Court should follow Judge Bates's holding that successful invocation of the presidential communications privilege for purposes of Exemption Five does not require an assertion of the privilege by the President himself.

Finally, plaintiff faults defendant for failing previously to identify the specific litigation that ensued after the public revelation of the Terrorist Surveillance Program by The New York Times.  Pl's Proposed Surreply at 5-6.  Yet, as defendants have already explained, the attorney work product

---

[1] Mr. Bradbury's current title is Principal Deputy Assistant Attorney General.

doctrine is not dependent on the actual existence of litigation, but only upon its reasonable anticipation. See Deft's Reply at 15-16. Defendant's anticipation of litigation is established by two sworn declarations, see id. at 16, is uncontradicted by any evidence offered by plaintiff, and is clearly reasonable in light of the plethora of lawsuits actually filed, see id. at 16 n.10, all of which are publicly docketed, have been the subject of copious media coverage, and are susceptible to the Court's judicial notice. Plaintiff's attempt to continue its argument on this score, accordingly, is entirely unavailing.

## CONCLUSION

Plaintiff's proposed surreply fails to meet the standard that would allow such a filing. Plaintiff's belated Motion for Leave a Surreply, accordingly, should be denied.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General, Civil Division

JEFFREY A. TAYLOR
United States Attorney

JOSEPH H. HUNT
Director, Federal Programs Branch

JOHN R. TYLER
Senior Trial Counsel, Federal Programs Branch

____/s/ Rupa Bhattacharyya_____
RUPA BHATTACHARYYA (VA# 38877)
Senior Trial Counsel
Federal Programs Branch, Civil Division
United States Department of Justice
P.O. Box 883, 20 Massachusetts Ave., N.W.
Washington, D.C.  20044
Tel: (202) 514-3146
Fax: (202) 318-7593

Dated:   June 14, 2007                                Email: rupa.bhattacharyya@usdoj.gov