IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 1:06CV00406 (HHK) |
| v. | ) |
| | ) |
| U.S. DEPARTMENT OF JUSTICE, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO
MOTION FOR LEAVE TO FILE SURREPLY**

Plaintiff Judicial Watch, Inc., by counsel, respectfully submits this reply to Defendant's Opposition to Plaintiff's Motion for Leave to File Surreply.

**MEMORANDUM OF LAW**

1. Defendant is wrong when it asserts that the only reason leave may be granted to file a surreply is to address "new matters" raised in a reply brief. "The decision whether to grant or deny leave to file a surreply is committed to the sound discretion of the court." *Role Models America, Inc. v. Brownlee*, 2005 U.S. Dist. LEXIS 23513 *7-9 (D.D.C. May 18, 2005). One circumstance in which courts have granted leave to file surreplies is to allow parties to address new material raised in reply briefs. *Id.* Another is where the proposed surreply simply will be helpful to the Court. *Am. Forest & Paper Ass'n, Inc. v. Envtl. Prot. Agency*, 1996 U.S. Dist. LEXIS 13230 *11-12 (D.D.C. Sept. 4, 1996). Whatever the reason, it is clear that the Court has wide discretion over the matter.

2. Defendant argues that Plaintiff's opposition only challenged the withholding of twenty-eight (28) records responsive to the Freedom of Information Act ("FOIA") request at

issue in this litigation. That is not and never has been Plaintiff's position. Plaintiff's opposition addressed Defendant's withholdings by category. It did not address each of the 294 records withheld records individually, and Defendant's assertion to the contrary is incorrect. If there is any misunderstanding on this most basic point, then simple fairness requires Plaintiff have the opportunity to remedy it. To this end, Plaintiff's proposed surreply clarifies that, with the exception of the single document described by the Declaration of James M. Kovakas and certain notes, marginalia, and underlinings on a handful of what otherwise would appear to be public records, it is challenging *all* of Defendant's withholdings under Exemption 5. *See* Surreply at 2 n.2. It also clarifies that Plaintiff is not challenging Defendant's withholdings under Exemption 6. *See* Surreply at 1 n.1. Plaintiff also respectfully submits its clarifications on these most basic points will be helpful to the Court in its adjudication of this matter.

3.Similarly, Plaintiff's proposed surreply seeks to correct Defendant's assertions that Plaintiff ignored the Declaration of Steven G. Bradbury and misconstrued certain case law governing the presidential communications privilege. Again, Plaintiff respectfully submits that it should be allowed the opportunity to correct the record on these issues and that its proposed surreply will be helpful to the Court in this regard.

4.Finally, Defendant admits that leave to file a surreply may be granted to address new material contained in a reply. In its reply, Defendant offered new factual information about litigation over the Terrorist Surveillance Program, purported support of its assertion of the attorney work product doctrine, that had not been included in its motion for summary judgment. *See*, *e.g.*, Reply at 16 n.10. Plaintiff's proposed surreply responds to this newly offered information. *See* Surreply at 5-6. In response, Defendant appears to argue that its new facts are

irrelevant.  *See* Opposition at 3-4.  While it certainly is incongruous for a party to make factual assertions, then argue that those same factual assertions are irrelevant, the authorities cited by Defendant in its opposition do not stand for the proposition that a court's discretion to grant leave to file a surreply is limited where the relevance of the newly submitted material is then challenged by the very same party that submitted it.  Rather, these authorities stand for the simple proposition that, where a party submits new material in a reply brief, an opposing party should be allowed the opportunity to respond.  That is what Plaintiff asks here.

5.      Finally, Plaintiff's proposed surreply will not burden the court.  Plaintiff's opposition memorandum was only eighteen (18) pages long.  Plaintiff's proposed surreply is only slightly more than six (6) pages in length.  Even combined, the two briefs do not come close to the forty-five (45) page limit set forth in Local Civil Rule 7(e) for memoranda of law.  Moreover, not only will the filing of Plaintiff's proposed surreply not prejudice Defendant, but Defendant does not even try to show that it will suffer any prejudice if the motion for leave is granted.

WHEREFORE, Plaintiff respectfully requests that its motion be granted.

Dated:  June 16, 2007

Respectfully submitted,

JUDICIAL WATCH, INC.

_____/s/_____
Paul J. Orfanedes
D.C. Bar No. 429716
Jason B. Aldrich
D.C. Bar No. 495488
501 School Street, S.W., Ste. 500
Washington, DC 20024
(202) 646-5172

*Attorneys for Plaintiff*